IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY SERMENO,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JEFF MACOMBER, et al.,<br><br>　　　　Defendants. | No. 2:25-CV-02377-TLN-DMC<br><br>ORDER<br><br>And<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff, who is proceeding pro se, brings this civil action. Pending before the Court is Plaintiff's original complaint, ECF No. 1, motion to appoint counsel, ECF No. 3, motion for preliminary and permanent injunction, ECF No. 4, motion for expedited review and relief, ECF No. 5, motion for judicial notice of court of appeal, ECF No. 7, motion for expedited settlement conference, ECF No. 8, motion for judicial notice, ECF No. 10, and request for criminal referral, ECF No. 11.

The Court is required to screen complaints brought by litigants who, as here, have been granted leave to proceed in forma pauperis. See 28 U.S.C. § 1915(e)(2). Under this screening provision, the Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(A), (B). Moreover, pursuant to Federal Rule of Civil Procedure 12(h)(3), this Court must dismiss an

1  action if the Court determines that it lacks subject matter jurisdiction.  Pursuant to Rule 12(h)(3),
2  the Court will also consider as a threshold matter whether it has subject-matter jurisdiction.

### I.  PLAINTIFF'S ALLEGATIONS

Plaintiff filed the original complaint on August 20, 2025. See ECF No. 1. Plaintiff names the following as defendants: (1) California Department of Corrections and Rehabilitation (CDCR); (2) Jeff Macomber; (3) Heather Bowlds; (4) Sabrina Williams; (5) Melissa Romero; and (6) Amy Asher. Id. at 1.  Plaintiff contends that he "was sentenced to PRCS [Postrelease Community Supervision] by the Butte County Superior Court on September 5, 2024, yet upon release from CDCR custody was placed on CDCR parole supervision with harsher restrictions, contrary to court order." Id. at 2.

According to Plaintiff, Judge Lucena sentenced him to PRCS under California Penal Code § 3451 in Butte County Superior Court case No. 24CF02944 and the probation report for sentencing also recommended PRCS. See id. at 5. Plaintiff asserts that Defendants Macomber, Bowlds, and Williams "approved or allowed parole intake in violation of Plaintiff's sentence" and Defendants Romero and Asher "failed to initiate PRCS intake or contest CDCR's unlawful jurisdictional overreach." Id. at 6. Plaintiff contends that the parole conditions he is required to adhere too are "more restrictive than PRCS, including CPS monitoring, curfews, housing bans, and unrelated programming requirements." Id. According to Plaintiff, these additional requirements, such as attendance of counseling programs, "places him at a high risk of losing employment due to scheduling conflicts." Id. at 7. Plaintiff asserts these actions were "deliberate" and are part of a "pattern or practice of PRCS-to-parole reassignment without due process" that "disproportionately impact Black individuals." Id. at 6-7.

Plaintiff asserts fifteen claims for relief, including violations of his Fifth and Fourteenth Amendment due process rights, violation of equal protection rights under the Fourteenth Amendment, prohibiting Plaintiff's access to courts in violation of the First Amendment, excessive punishment in violation of the Eighth Amendment, involuntary servitude violation of the Thirteenth Amendment, Monell and Supervisory liability, and conspiracy to

interfere with Plaintiff's civil rights. Plaintiff requests declaratory relief, injunctive relief to change Plaintiff to PRCS, compensatory damages, punitive damages, and attorneys' fees. Id. at 13-15. Plaintiff attached to the complaint information about PRCS, including how such status is determined. See ECF No. 1-3. That information appears to be from the CDCR website. See id.

On August 20, 2025, Plaintiff filed a motion for judicial notice. See ECF No. 7. In that notice, Plaintiff informs the Court that on August 4, 2025, Plaintiff appealed his conviction to the California Court of Appeal. See id. at 1. According to Plaintiff, the appeal "addresses the same factual nucleus underlying this federal complaint." Id. at 2. Plaintiff asserts that filing of the appeal "establish[es] the contemporaneous pursuit of parallel remedies . . . [and] Plaintiff's diligence and exhaustion of available state remedies." Id. at 3.

## II. DISCUSSION

In this action, Plaintiff seeks relief from what he describes as an unlawful imposition of parole when Plaintiff was eligible for PRCS, which has much less restrictive requirements and opportunities for programming than parole. See ECF No. 1. However, according to Plaintiff, he is simultaneously seeking the same relief in the state court. See ECF No. 7. After a review of the California Court of Appeal for the Third District docket, this Court finds that Plaintiff is concurrently seeking an appeal in the underlying state case. As such, Younger abstention is appropriate and the undersigned will recommend dismissal of this action.

When state court proceedings are ongoing, federal action may be barred under the doctrine announced in Younger v. Harris, 401 U.S. 37 (1971). Younger abstention is concerned with overlapping principles of equity, comity, and federalism and directs federal courts to abstain from granting injunctive or declaratory relief that would interfere with pending state or local court proceedings in certain situations. See Arevalo v. Hennessy, 882 F.3d 763, 765 (9th Cir. 2018); Gilbertson v. Albright, 381 F.3d 965, 973 (9th Cir. 2004). While Younger established that federal courts must refrain from enjoining or interfering with a parallel, pending criminal proceeding in state court, see Younger, 401 U.S. at 49-53, the doctrine has subsequently been extended to "particular state civil proceedings that are akin to criminal prosecutions . . . or that implicate a

1 state's interest in enforcing the orders and judgments of its courts. . . ," See <u>Sprint Commc'ns,</u>
2 <u>Inc. v. Jacobs</u>, 571 U.S. 69, 70 (2013) (citations and quotations omitted). To warrant <u>Younger</u>
3 abstention, a state civil action must fall into one of the above categories.

4 As a preliminary matter, the undersigned will grant Plaintiff's request for judicial
5 notice. <u>See</u> <u>Porter v. Ollison</u>, 620 F.3d 952, 954-55 (9th Cir. 2010) (courts may properly take
6 judicial notice of state court dockets and pleadings). This Court confirms what Plaintiff states in
7 ECF No. 7, that on August 4, 2025, Plaintiff filed a habeas corpus action in state case number
8 case No. C104355. A review of the state docket reflects that the petition for habeas corpus was
9 denied, and the case was closed on September 12, 2025. However, this Court additionally finds
10 and takes judicial notice of the fact that Plaintiff is currently pursuing an appeal for case No.
11 24CF02944, the underlying case in this action.

12 Thus, Plaintiff seeks relief from parole restrictions and simultaneously is seeking
13 relief in the same underlying case with the California Court of Appeal. <u>See</u> ECF Nos. 1 and
14 California Court of Appeal for Third Appellate District docket. Given Plaintiff seeks declaratory
15 and injunctive relief for allegations arising from an ongoing state proceeding, such relief could
16 interfere with pending state court proceedings. Additionally, an appeal of a criminal prosecution
17 is akin to a criminal prosecution and implicates the state's interest in enforcing the orders and
18 judgements of its' courts. <u>See</u> <u>Sprint Commc'ns, Inc.</u>, 571 U.S. at 70. Thus, the undersigned will
19 recommend exercising <u>Younger</u> abstention and dismissing this action, without prejudice.
20 / / /
21 / / /
22 / / /
23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

## III.  CONCLUSION

Because it does not appear possible that the deficiencies identified herein can be cured by amending the complaint, Plaintiff is not entitled to leave to amend prior to dismissal of the entire action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).

Based on the foregoing, the undersigned orders and recommends that:

1. It is ORDERED that Plaintiff's motion for judicial notice, ECF No. 7, be GRANTED;

2. It is RECOMMENDED that this Court abstain from exercising jurisdiction pursuant to Younger;

3. It is therefore RECOMMENDED that this action be DISMISSED, without prejudice; and

4. All other pending motions, ECF Nos. 3, 4, 5, 8, 10, and 11 be DENIED as MOOT.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  October 24, 2025

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE