IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY SERMENO,<br><br>    Plaintiff,<br><br>    v.<br><br>JEFF MACOMBER, et al.,<br><br>    Defendants. | No. 2:25-CV-02377-TLN-DMC<br><br>**ORDER** |

      Plaintiff Larry Sermeno ("Plaintiff"), who is proceeding pro se, brings this civil action. Pending before the Court is Plaintiff's original complaint (ECF No. 1), motion to appoint counsel (ECF No. 3), motion for preliminary and permanent injunction (ECF No. 4), motion for expedited review and relief (ECF No. 5), motion for expedited settlement conference (ECF No. 8), request for judicial notice (ECF No. 10), and request for criminal referral (ECF No. 11).

      This matter was referred to a United States Magistrate Judge pursuant to pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. Thereafter, the magistrate judge reviewed Plaintiff's complaint in accordance with 28 U.S.C. §1951(e)(2) and issued findings and recommendations to dismiss the action. (ECF No. 13.) The findings and recommendations were served on Plaintiff, including notice that Plaintiff may file objections within fourteen days of service. (ECF No. 13.) The time to object has elapsed and Plaintiff has not filed any objections to the findings and recommendations.

The Court presumes that the magistrate judge's findings of fact are correct. *See Orand v. United States*, 602 F.2d 207, 208 (9th Cir. 1979). The magistrate judge's conclusions of law are reviewed *de novo*. *See Robbins v. Carey*, 481 F.3d 1143, 1147 (9th Cir. 2007).

The magistrate judge recommends dismissing this action based on the *Younger* abstention doctrine because Plaintiff also sought relief through a state habeas petition and appeal of his underlying criminal conviction. *Younger v. Harris*, 401 U.S. 37 (1971). As the magistrate judge correctly states: "*Younger* abstention is concerned with overlapping principles of equity, comity, and federalism and directs federal courts to abstain from granting injunctive or declaratory relief that would interfere with pending state or local court proceedings in certain situations." (ECF No. 13 at 3 (*citing Arevalo v. Hennessy*, 882 F.3d 763, 765 (9th Cir. 2018); *Gilbertson v. Albright*, 381 F.3d 965, 973 (9th Cir. 2004)).) "However, federal courts should not dismiss actions where damages are at issue; rather, damages actions should be stayed until the state proceedings are completed." *Gilbertson*, 381 F.3d at 968; *see e.g., Rhoden v. Mayberg*, 361 F. App'x 895, 896 (9th Cir. 2010) (vacating district court's dismissal and remanding for entry of a stay on action for damages).

In his complaint, Plaintiff seeks declaratory and injunctive relief as well as damages. (ECF No. 1 at 14–15.) Under Ninth Circuit precedent, the Court declines to dismiss Plaintiff's claims for damages on the basis of *Younger* abstention.

Accordingly, IT IS HEREBY ORDERED as follows:

1. The findings and recommendations filed October 24, 2025 (ECF No. 13) are declined in part: Plaintiff's claims for damages may proceed.

2. The findings and recommendations filed October 24, 2025 (ECF No. 13) are adopted in part: Plaintiff's claims for declaratory and injunctive relief are dismissed without prejudice on the basis of *Younger* abstention doctrine.

3. As a result, Plaintiff's motion for preliminary and permanent injunction (ECF No. 4) is denied as moot.

4. The case and remaining motions (ECF Nos. 3, 5, 8, 10, 11) are referred back to the magistrate judge for further proceedings, including any further 28 U.S.C.

§ 1915(e)(2)(B) review, if necessary, and assessment of whether it is appropriate to enter a stay of this action based on Ninth Circuit precedent.

IT IS SO ORDERED.

Date: November 25, 2025

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE

3