IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LARRY SERMENO,

Plaintiff,

v.

JEFF MACOMBER, et al.,

Defendants.

No.  2:25-CV-02377-TLN-DMC

ORDER

Plaintiff, who is proceeding pro se, brings this civil action. Pending before the Court is Plaintiff's motion to appoint counsel, ECF No. 3, motion for expedited review and relief, ECF No. 5, motion for expedited settlement conference, ECF No. 8, motion for judicial notice, ECF No. 10, and request for criminal referral, ECF No. 11.

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent plaintiffs in civil actions.  See e.g. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the Court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  In the present case, the Court does not at this time find the required exceptional circumstances. Thus, the undersigned will deny Plaintiff's motion for appointment of counsel, ECF No. 3, without prejudice.

1

As to Plaintiff's motion for expedited review and relief, ECF No. 5, motion for expedited settlement conference, ECF No. 8, and request for criminal referral, ECF No. 11.the undersigned finds that such motions are premature.  The action has not yet proceeded past screening and therefore, Defendants have not been served. Thus, Plaintiff's motions seeking expedited review, expedited settlement conference, and criminal referral are premature and the undersigned will deny such motions without prejudice.

As to Plaintiff's request for judicial notice, ECF No. 10, the Court may take judicial notice pursuant to Federal Rule of Evidence 201 of matters of public record.  See U.S. v. 14.02 Acres of Land, 530 F.3d 883, 894 (9th Cir. 2008).  Thus, this Court may take judicial notice of state court records, see Kasey v. Molybdenum Corp. of America, 336 F.2d 560, 563 (9th Cir. 1964), as well as its own records, see Chandler v. U.S., 378 F.2d 906, 909 (9th Cir. 1967).  Plaintiff requests judicial notice of In re LARRY ALTAMIRANO SERMENO on Habeas Corpus, Court of Appeal Case No. C104355, filed August 4, 2025. See ECF No. 10, pg. 1. Plaintiff further requests the Court take "judicial notice of the letter dated August 14, 2025, from the Cler/Executive Officer of the court of Appeal," including notice of the contents of such letter. See id. at 1-2. Plaintiff attaches the letter to the motion. See id. at 4.

Upon searching the Third Appellate District public case records, the Court finds In re LARRY ALTAMIRANO SERMENO on Habeas Corpus, Court of Appeal Case No. C104355, filed August 4, 2025. Thus, the undersigned will take judicial notice of such filing.

The Court also finds a docket item filed August 14, 2025, described as "Letter sent to respondent. Opposition to be served and filed by: 08/29/2025. Reply if any, due 15 days thereafter." It appears this is the letter which is the subject of Plaintiff request for judicial notice and is provided as an attachment, ECF No. 10, pg. 4. However, the Court cannot independently access the letter on the Third Appellate District's public docket. Additionally, the Court does not find that judicial notice of such letter is necessary at this time. Thus, the undersigned will decline to take judicial notice of such letter, without prejudice.

///

///

2

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for the appointment of counsel, ECF No. 3, is DENIED WITHOUT PREJUDICE;

2. Plaintiff's motion for expedited review and relief, ECF No. 5, motion for expedited settlement conference, ECF No. 8, and request for criminal referral, ECF No. 11, are DENIED WITHOUT PREJUDICE;

3. Plaintiff's motion for judicial notice, ECF No. 10, will be GRANTED IN PART and DENIED IN PART as described herein.

Dated:  February 23, 2026

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE